UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC WAVE HOLDINGS, LLC; et. al.,<br><br>                              Plaintiffs,<br><br>vs.<br><br>CYBERLUX CORPORATION,<br><br>                              Defendant. | Case No.:  3:24-cv-00482-RBM-VET<br><br>**ORDER DENYING DEFENDANT'S MOTION TO FILE EXHIBIT A TO THE DECLARATION OF MARK D. SCHMIDT IN SUPPORT OF DEFENDANT'S MOTION TO VACATE SISTER-STATE JUDGMENT UNDER SEAL**<br><br>**[Doc. 10]** |

On March 5, 2024, Plaintiffs Atlantic Wave Holdings, LLC and Secure Community, LLC ("Plaintiffs") filed an Application for the Entry of Judgment on Sister-State Judgment in the Superior Court of California, County of San Diego ("San Diego Superior Court"). (Doc. 1-5.)  The same day, the San Diego Superior Court filed Judgment on the Sister-State Judgment ("Sister-State Judgment"). (Doc. 1-9.) On March 11, 2024, Defendant Cyberlux Corporation ("Defendant") removed the Sister-State Judgment to this Court. (Doc. 1.)

On April 10, 2024, Defendant filed a Motion to Vacate the Sister-State Judgment ("Motion to Vacate") (Doc. 9) along with a Declaration of Mark D. Schmidt in Support of Defendant's Motion to Vacate ("Schmidt Declaration") (Doc. 9-4).  Defendant also filed a

1

Motion to File Exhibit A to the Schmidt Declaration Under Seal ("Motion to Seal"). (Doc. 10.)

In its Motion to Seal, Defendant explains that Exhibit A to the Schmidt Declaration is a Confidential Settlement Agreement between the parties and that the Confidential Settlement Agreement "contains robust contractual provisions that all 'terms and circumstances' of the Confidential Settlement Agreement and all documents and information disclosed in the Virginia Litigation shall not be disclosed to any other person, and that any public disclosure of such information shall constitute a breach of the Confidential Settlement Agreement." (*Id.* at 3–4.)  "Due to its confidentiality terms, [Defendant] requests that the Confidential Settlement Agreement be sealed in full." (*Id.* at 5.)

# I. DISCUSSION

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts … to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135.  The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102.  When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98.  Thus, "[t]o seal documents filed

in connection with a dispositive motion, such as motions to strike under California's anti-SLAPP statute, parties must show there are 'compelling reasons' for doing so." *Better Meat Co. v. Emergy, Inc.*, Case No. 2:21-cv-02338-KJM-CKD, 2023 WL 316917, at *2 (E.D. Cal. Jan. 19, 2023).

"Trial courts have authority … to protect confidential settlement agreements." *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-CV-04050-MEJ, 2015 WL 1534003, at *3, *5 (N.D. Cal. Apr. 2, 2015).  However, "[p]roffering only the fact that the parties agreed to keep the settlement agreement confidential is an insufficient basis for the Court to seal a court record." *Gagliolo v. Kaweah Manor, Inc.*, Case No. 1:20-cv-01719-NONE-SAB, 2021 WL 1549687, at *5 (E.D. Cal. Apr. 20, 2021) (applying the "compelling reasons" standard); *see also M.P. ex rel. Provins v. Lowe's Cos., Inc.*, No. 2:11-cv-01985-GEB-CKD, 2012 WL 1574801, at *2 (E.D. Cal. May 3, 2012) ("[T]he mere fact that the parties' agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that a court approved ... settlement agreement is a judicial record, open to the public.") (internal quotations omitted); *Ambrosino v. Home Depot U.S.A., Inc.*, Civil No. 11cv1319 L(MDD), 2014 WL 931780, at *2 (S.D. Cal. Mar. 10, 2014) ("[T]he parties contend that the agreement should be filed under seal because they agree that it should be.  This is woefully insufficient to meet the parties' burden.")

Here, Plaintiffs' Motion to Vacate, currently pending before the Court, is dispositive; therefore, the "compelling reasons" standard applies.  *See Kamakana*, 447 F.3d at 1179; *Better Meat Co.*, 2023 WL 316917, at *2 (E.D. Cal. Jan. 19, 2023).  However, the Court finds that Defendants have not proffered "compelling reasons" to seal the Confidential Settlement Agreement.  As stated above, "[p]roffering only the fact that the parties agreed to keep the settlement agreement confidential is an insufficient basis for the Court to seal a court record." *Gagliolo*, 2021 WL 1549687, at *5.  Other than the Confidential Settlement Agreement's confidentiality clause, Defendants have not proffered any other reasons the Confidential Settlement Agreement should be sealed.

## II. CONCLUSION

Based on the foregoing, Defendants' Motion is **DENIED**.  Nevertheless, the Court will give the parties additional time to demonstrate "compelling reasons" why the Confidential Settlement Agreement should be filed under seal.  The Court **ORDERS** both parties to file supplemental briefing on this issue **on or before July 12, 2024**.

**IT IS SO ORDERED.**

DATE:  July 10, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE