**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ATLANTIC WAVE HOLDINGS, LLC; et. al., <br><br> Plaintiffs, <br><br> v. <br><br> CYBERLUX CORPORATION, <br><br> Defendant. | Case No.: 3:24-cv-00482-RBM-VET <br><br> **ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On March 11, 2024, Defendant Cyberlux Corporation ("Defendant") removed the matter to this Court pursuant to 28 U.S.C. § 1332. (Doc. 1.) On February 27, 2025, the Court ordered Defendant to show cause why this case should not be remanded to the Superior Court of California, County of San Diego ("San Diego Superior Court") for lack of subject matter jurisdiction ("OSC"). (Doc. 33.) Defendant filed a response on March 4, 2025 ("Response"). (Doc. 34.) Plaintiffs Atlantic Wave Holdings, LLC and Secure Community, LLC (collectively, "Plaintiffs") filed a reply on March 11, 2025. (Doc. 35.)

For the reasons set forth below, the Court *sua sponte* finds that it lacks subject matter jurisdiction over this matter. Accordingly, this proceeding is **REMANDED** to the San Diego Superior Court.

## I. BACKGROUND

On June 29, 2023, Plaintiffs obtained a judgment against Defendant in Virginia state court (the "Virginia Judgment"). (Doc. 1-5 at 4–6.) The Virginia state court awarded Plaintiffs the principal sum of $1,572,500.00, attorney's fees of $177,126.19, sanctions in the amount of $10,737.50, and post-judgment interest of 12% per annum. (*Id*. at 4–5.) The Virginia state court also noted that the Parties agreed to a "security and lien interest in [Defendant's property] in favor of Plaintiffs until all sums are paid." (*Id*. at 5.)

On March 5, 2024, Plaintiffs filed an Application for Entry of Judgment on Sister State Judgment in San Diego Superior Court (the "Application"). (Doc. 1-5 at 2.) The same day, the San Diego Superior Court entered the sister state judgment against Defendant (the "California Sister State Judgment"). (Doc. 1-9 at 2.) Defendant removed the domesticated California Sister State Judgment to this Court (*see* Doc. 1) and thereafter filed a Motion to Vacate the Sister State Judgment ("Motion to Vacate"). (Doc. 9.)

The Application was filed pursuant to California's Sister State Money Judgments Act, Cal. Code Civ. Proc. § 1710.10 *et seq*. (the "Act"), which allows judgment creditors to file an application for entry of a money judgment obtained in another state. *See* Cal. Civ. Proc. Code § 1710.15(a). The sister state judgment is then registered as a California judgment without further judicial action.[1] *Conseco Mktg., LLC v. IFA & Ins. Servs., Inc.*, 221 Cal. App. 4th 831, 838 (2013). Once registered, the new judgment has the same effect as an original California money judgment and "may be enforced or satisfied in like manner." Cal. Civ. Proc. Code § 1710.35. "Prior to the Act, the creditor of a money judgment issued by the court of another state who wanted to pursue recognition and enforcement in California was required to file an original action for registration of the sister state judgment." *Casey v. Hill*, 79 Cal. App. 5th 937, 960 (2022), *as modified on denial of reh'g* (June 21, 2022).

---

[1] The Court uses the terms "register" and "domesticate" synonymously in this Order.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  "It is axiomatic that federal judicial power extends only to cases and controversies over which a court has subject matter jurisdiction." *Barker-Hatch v. Viejas Grp. Baron Long Capitan*, 83 F. Supp. 2d 1155, 1156 (S.D. Cal. 2000).  As explained in the OSC, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* 28 U.S.C.§ 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

A defendant may remove a civil action from state court to federal court only if the district court could have original jurisdiction over the matter.  28 U.S.C. § 1441(a).  Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332.  The party seeking removal bears the burden of establishing that federal subject matter jurisdiction exists.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Removal statutes are strictly construed against removal." *Luther v. Countrywide Home Loan Servicing, L.P.*, 533 F.3d 1031, 1034 (9th Cir. 2008).  As there is a "strong presumption" against removal jurisdiction, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citation omitted).

## III.  DISCUSSION

Relying on diversity jurisdiction pursuant to 28 U.S.C. § 1332, Defendant seeks to challenge the validity and enforceability of a state court judgment domesticated in San Diego Superior Court through the mechanisms of the United States District Court.  (Doc. 1 at ¶¶ 8–16.)  While the Parties' complete diversity is not in dispute, the Court is not persuaded that this proceeding constitutes a "civil action" within the Court's subject matter jurisdiction under the diversity jurisdiction statute, 28 U.S.C. § 1332, or that it is removable under 28 U.S.C. § 1441(a).

Defendant maintains that this proceeding is a removable "civil action" and "[b]ecause diversity exists, this Court has the authority to rule on [Defendant's] pending Motion and grant or deny Plaintiffs the right to enforce their sister-state judgment in California."[2] (Doc. 34 at 5–8, 10.) Plaintiffs respond that Defendant fails to appreciate the procedural posture and the Act's legislative intent, as registration of a judgment under the Act is a special proceeding, not a "civil action." (Doc. 35 at 5–6.) Plaintiffs also argue that "[t]he *Rooker-Feldman* doctrine bars the Court from reviewing or altering the state court judgment, as [Defendant's] actions constitute an improper attempt to appeal the state court's decision through federal means." (*Id*. at 3.)

The Court addresses the Parties' arguments in turn.[3]

**A.     Federal Question Jurisdiction and Federal Officer Removal**

In its Response, Defendant asserts this Court has federal question jurisdiction because "the assets [Plaintiff] seeks to seize through this judgment involve property of the United States government pursuant to [the] Federal Acquisition Regulation" and that "[g]overnment contractors may remove actions pursuant to 28 U.S.C. § 1442." (Doc. 34 at 5 n.3.) However, there are no allegations in the Notice of Removal, the Application, or the attached Virginia Judgment concerning a federal question or plausibly showing the federal officer removal requirements are met. Thus, Defendant has not demonstrated that federal question or federal officer removal, 28 U.S.C. § 1442, are a proper basis for removal. *See California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) ("[F]ederal jurisdiction exists only when a

---

[2] The Court notes that "the determination of whether federal subject-matter jurisdiction exists depends only upon a plaintiff's complaint and the context in which it is found[,]" not a pending motion. *Self v. General Motors Corp.*, 588 F.2d 655, 659 (9th Cir. 1978).

[3] As the Court finds that Defendant did not sufficiently establish this Court's subject matter jurisdiction, it does not reach the Parties' remaining arguments regarding Article III standing and the *Rooker-Feldman* doctrine.

federal question is presented on the face of the plaintiff's properly pleaded complaint."); *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) ("[A] defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction.").

**B.    Original Jurisdiction**

The Court may only exercise removal jurisdiction over "any civil action" for which it has original jurisdiction. 28 U.S.C. § 1441(a). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar*, 482 U.S. at 392 (citing 28 U.S.C. § 1441). Under 28 U.S.C. § 1332(a), district courts have "original jurisdiction of *all civil actions*" in which diversity of citizenship and the requisite amount in controversy are present.

**1.    This Proceeding is not a "Civil Action"**

The Court first considers whether the instant domestication proceeding is a "civil action" covered by the diversity jurisdiction and removal statutes.[4] Defendant argues that a proceeding under the Act is a removable "civil action" because the term broadly encompasses any action where an individual seeks a remedy in court. (Doc. 34 at 5–8.)

"[S]tate court actions based on diversity jurisdiction are removable only if they 'have the same essentials as original suits permissible in District Courts; that is that they can be readily assimilated to suits at common law or equity, and that there must be diverse citizenship of the parties and the requisite pecuniary amount involved.'" *DeMartini v. DeMartini*, No. 2:24-cv-00415 DJC CKD (PS), 2024 WL 1908080, at *2 (E.D. Cal. May 1, 2024) (quoting *Comm'rs of Rd. Improvement Dist. No. 2 v. St. Louis Sw. Ry. Co.*, 257

---

[4] Defendant asserts that "Plaintiffs' . . . filing does not automatically entitle them to enforce their judgment in California." (Doc. 34 at 9.) As Plaintiffs have not commenced enforcement proceedings, the Court notes the removed case solely concerns the domestication of the Virginia Judgment. *See Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 613 n.9 (9th Cir. 2017) ("Recognition of a [foreign] judgment must be distinguished from enforcement of that judgment.").

U.S. 547, 56–62 (1922)).  Moreover, "[t]he term 'civil action' [in 28 U.S.C. § 1441(a)] has long been interpreted to require a separate suit that is not ancillary, incidental, or auxiliary to a suit in state court." *Id*. (citations omitted).  Specifically, "a federal court cannot acquire removal jurisdiction over a state court action that seeks to set aside a prior state court judgment when the second suit 'is a supplementary proceeding so connected with the original suit as to form an incident of it, and substantially a continuance of it.'" *Resol. Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230, 1240 (9th Cir. 1994), *as amended* (Jan. 20, 1995) (quoting *Barrow v. Hunton*, 99 U.S. 80, 82 (1879)).  Thus, a "supplementary . . . court proceeding does not independently qualify as a removable 'civil action' under 28 U.S.C. § 1441(a)." *Id*. (quoting *Armistead v. C & M Transp.*, 49 F.3d 43, 46 (1st Cir. 1995)); *Han v. Gen. Am. Life Ins. Co.*, 978 F.2d 715, 715 (9th Cir. 1992) ("An action which is auxiliary to an action already decided in state court, however, may not be removed to federal court.").

   Whether a proceeding is separable from the original suit and can be considered an independent action for purposes of removal or diversity "is in the end a federal question." *Swanson v. Liberty Nat'l Ins. Co.*, 353 F.2d 12, 13 (9th Cir. 1965).  Defendant argues that the term "civil action" is "exclusively defined by federal law." (Doc. 34 at 5–6.)  However, "to totally ignore the structure of state procedural law would reflect an overly-procrustean view" and would "infract the principle of comity." *Jackson-Platts v. Gen. Elec. Cap. Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013) (citing *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979)).  While Defendant asserts that "California's characterization of procedures pursuant to the [Act] as ancillary is not relevant" (*see* Doc. 34 at 8), the Ninth Circuit has made clear that, while not determinative, a state's characterization of its proceedings is entitled to "great weight" in evaluating whether a proceeding is a separate civil action for purposes of jurisdiction. *Swanson*, 353 F.2d at 13; *see also Labertew v. Langemeier*, 846 F.3d 1028, 1031 (9th Cir. 2017) ("Arizona holds that a garnishment proceeding, after its inception, is treated in all respects, except its title, as an original independent action.").

   Here, the domestication of the Virginia Judgment constitutes a supplementary proceeding that does not share many similarities to an original action within this Court's

jurisdiction.  In *Labertew*, the Ninth Circuit acknowledged that "[g]arnishment of wages or money in a bank account is ordinarily a collection device . . . not a separate action." 846 F.3d at 1031.  However, the Ninth Circuit found that garnishment is a separate civil action for removal purposes because the judgment creditor sought to collect on a judgment from a nonparty, the nonparty may be entitled to a jury trial and discovery, and certain issues affecting the garnishment "were not relevant to and did not arise in the [underlying action]." *Id*. at 1031–32.  In contrast to the garnishment proceedings in *Labertew*, this domestication proceeding is supplementary to the underlying Virginia state court action because it is wholly based on the Virginia Judgment and does not implicate new parties, involve new facts, or raise new legal issues that warrant treatment of the proceeding as a new case.  *See Han*, 978 F.2d at 715 ("An action is separate and independent unless it 'could not have arisen but for the [original] judgment and execution.'") (quoting *Bank v. Turnbull & Co.*, 83 U.S. 190, 195 (1872)).

      The structure of the Act and California state courts' interpretation of the statute further demonstrate that this proceeding does not share many similarities with an ordinary lawsuit.  *See Tom Thumb Glove Co. v. Han*, 78 Cal. App. 3d 1, 7 (1978) ("The registration procedure established by the Act is designed to allow parties to avoid the normal trappings of an original action."); *Blizzard Energy, Inc. v. Schaefers*, 71 Cal. App. 5th 832, 845 (2021) ("[T]he [California] legislature did not intend that the procedures for actions be applicable to proceedings to enforce a sister state money judgment under the Act.").

      Unlike ordinary lawsuits, no judicial action, pleadings, requests for jury trial, discovery, or appearances by the parties are required under the Act because entry of the judgment is "*mandatory* and ministerial," upon filing of an application.  *WV 23 Jumpstart, LLC v. Mynarcik*, 85 Cal. App. 5th 596, 606 (2022) (emphasis added) (citation omitted); *see* Cal. Civ. Proc. Code § 1710.25(a).  Judgment creditors do not include any claims, causes of action, or matters normally raised in a civil action to initiate such proceedings.  *See* Cal. Civ. Proc. Code § 1710.20.  As such, the Act's proceedings do not involve "prosecut[ing] another for the declaration, enforcement, or protection of a right, the redress

7

or prevention of a wrong, or the punishment of a public offense." *Blizzard*, 71 Cal. App. 5th at 845 (noting distinction between the Act's "special proceedings" and an "action" as defined in California Code of Civil Procedure); *cf. In re Kendricks*, 572 F. Supp. 2d 1194, 1197 (C.D. Cal. 2008) (finding petition regarding decedent's property claim filed under the California Probate Code constituted a "civil action" where it initiated adversarial proceedings and could include "matters that are normally raised in a civil action").

Given these differences, the Act's procedural mechanism is "not readily assimilated to suits at common law or equity." *St. Louis Sw. Ry. Co.*, 257 U.S. at 562; *see Blizzard*, 71 Cal. App. 5th at 844 ("A proceeding under the Act . . . cannot be characterized as an 'action at law' under the common law or a 'suit in equity' under equity practice."). Instead, registration of a sister state judgment is "a supplemental proceeding" that is a "mere mode of execution or relief, inseparably connected with the original judgment in the state court proceeding and therefore not removable." *DeMartini*, 2024 WL 1908080 at *1 (quoting *Est. of Jackson v. Ventas Realty, Ltd. P'ship*, 812 F. Supp. 2d 1306, 1314 (M.D. Fla. 2011)).

Accordingly, because this domestication proceeding is not a removable "civil action" within the meaning of 28 U.S.C. § 1441, this Court lacks subject matter jurisdiction. *See e.g.*, *DeMartini*, 2024 WL 1908080 at *4 (holding California statute allowing judgment creditor to bring supplementary proceedings to satisfy a sister state judgment was not a "civil action" under § 1441); *Czymmek v. Fenstermaker*, No. 23-CV-8124 (LJL), 2024 WL 246438, at *5 (S.D.N.Y. Jan. 23, 2024) (remanding for lack of subject matter jurisdiction where a streamlined domestication proceeding under New York statute was ministerial and not a removable "civil action" under § 1441).

### 2. This Proceeding Could Not Have Been Originally Filed in Federal Court

Defendant avers that this "streamlined" proceeding "does not alter the reality that this is a 'civil action' pursuant to 28 U.S.C. § 1332(a)."[5] (Doc. 34 at 8.) Defendant claims

---

[5] Defendant's contention that "Plaintiffs blatantly utilized the [Act] to forum shop their way back into state court" is not well-taken. (Doc. 34 at 8.) State courts are the proper

this Court has diversity jurisdiction to rule "on [Defendant's] pending Motion and grant or deny Plaintiffs the right to enforce their sister-state judgment in California." (*Id*. at 10.) The Court disagrees and finds that, regardless of the form used to initiate a registration proceeding, Defendant fails to establish this Court's original jurisdiction over the matter.

Defendant relies on a single case from the District of Maryland where the court held a streamlined proceeding under a Maryland statute to register a Florida state judgment, similar to the Act, was a removable "civil action" within the court's diversity jurisdiction. (*Id*. at 6–8 (citing *Weiner v. Blue Cross of Maryland, Inc.*, 730 F. Supp. 674 (D. Md. 1990).) The *Weiner* court reasoned that judgment debtors have the same right to remove state-enacted streamlined proceedings as they "would be entitled to remove to federal court an independent action to enforce a judgment that satisfied the provisions of 28 U.S.C. § 1441." *Weiner*, 730 F. Supp. at 677. Even if the Court adopted the reasoning of this out-of-circuit case, which it need not, Defendant does not explain what federal authority exists for this Court to register, vacate, or enforce a state court judgment in federal court.

The authority of a federal district court to register judgments of other courts is found in 28 U.S.C. § 1963, which provides that a judgment entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered in any other district. The Ninth Circuit "has not held that a district court may register a judgment of a state court." *Arctic Zero, Inc. v. Aspen Hills, Inc.*, Case No. 17-CV-00459-AJB-LL, 2019 WL 1429592, at *5 (S.D. Cal. Mar. 29, 2019). Rather, the Ninth Circuit has determined that "28 U.S.C. § 1963 permits plaintiffs to take a judgment entered in one federal district court and register it in another [federal district]." *Fidelity Nat'l Fin., Inc. v. Friedman*, 803 F.3d 999, 1001 (9th Cir. 2015); *see Republic Bank, Inc. v. Ethos Envtl., Inc.*, No. 12-CV-2654-BTM-BLM, 2013 WL 321692, at *1 (S.D. Cal. Jan. 28, 2013).

---

forum to register judgments from other state courts, like the Virginia Judgment. *See* Cal. Civ. Proc. Code § 1710.20(a) ("An application for entry of a judgment based on a sister state judgment shall be filed in a *superior court*.") (emphasis added).

As federal courts "may not register judgments from any court that is not listed in [§ ]1963," they "lack the power to register and enforce state court judgments . . ." *Friis v. City of San Jose*, No. MISC-08-80027 RMW, 2009 WL 1690439, at *1 (N.D. Cal. June 16, 2009). Several district courts, as well as the Second, Sixth, and Tenth Circuits, have concluded that federal courts do not have subject matter jurisdiction to register or enforce state court judgments. *See, e.g.*, *Arctic Zero, Inc. v. Aspen Hills, Inc.*, No. 17-CV-00459-AJB-LL, 2019 WL 1429592, at *5 (S.D. Cal. Mar. 29, 2019) (declining to find an Iowa state court judgment is enforceable based on § 1963); *Griffith v. Paran LLP*, Case No. 2:21-cv-01397-GMN-BNW, 2022 WL 409725, at *2 (D. Nev. Feb. 10, 2022) ("[F]ederal courts generally lack the authority to enforce or register state court judgments."); *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 123 (2d Cir. 2017) ("By its express terms § 1963 applies only to registration of federal-court judgments in another federal court.") (cleaned up); *Fox Painting Co. v. NLRB*, 16 F.3d 115, 117 (6th Cir. 1994) ("Nothing in the language of section 1963 grants authority to a district court to register judgments of any courts other than other district courts"); *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1274 (10th Cir. 2019) ("§ 1963 applies only to registration of federal-court judgments in federal courts—not to state-court judgments"); *W.S. Frey Co., Inc. v. Precipitation Assoc. of Am., Inc.*, 899 F. Supp. 1527, 1528 (W.D.Va.1995) (holding the court had no authority under § 1963 to register a state judgment and transform it to a federal judgment for execution in federal court system); *Orne v. Shinn*, No. Civ 02-336, 2002 WL 1729651 at *1 (D.N.H. July 26, 2002) (holding the court lacked subject matter jurisdiction to enforce a Massachusetts judgment as state judgments cannot be registered in federal court under § 1963).

Indeed, "the case law makes clear that giving a state court's judgment full faith and credit is not the same as enforcing or registering that judgment in federal court. This is because the act of enforcement or registration transforms the state court judgment into a federal judgment." *Griffith*, 2022 WL 409725, at *2; *see Am. Income Life Ins. Co. v. Ailport*, No. 1:18MC48, 2020 WL 4432392, at *2 (N.D. W. Va. July 31, 2020) ("Were

10

3:24-cv-00482-RBM-VET

[plaintiff] permitted to register the [state court judgment] in this Court, that order would transform a state-court judgment into a federal-court judgment. That plainly cannot be.").

As federal courts lack jurisdiction to register or enforce state judgments, Plaintiffs could not have filed such action, through a traditional lawsuit or under the Act, in federal court. *See Caterpillar*, 482 U.S. at 392 (1987). The Court therefore lacks original jurisdiction over the matter. "To do so would contradict the plain jurisdictional limits outlined in 28 U.S.C. § 1963, would effect an unwarranted intrusion into the jurisdiction of state courts, and would unnecessarily flood the federal dockets with the enforcement of every state court judgment that met the minimum jurisdictional requirements." *Euro-Am. Coal Trading, Inc. v. James Taylor Mining, Inc.*, 431 F. Supp. 2d 705, 709 (E.D. Ky. 2006); *see also Czymmek*, 2024 WL 246438, at *5 ("If the domestication of a [state court] judgment were removable, then, as a practical matter, the federal courts 'would become invested with power to control the proceedings in the State courts, or would have appellate jurisdiction over them in all cases where the parties are citizens of different States.'") (quoting *Barrow*, 99 U.S. at 83).

In light of this jurisdictional limitation, and the lack of legal authority supporting the removal in this case, Defendant has failed to show that this Court has subject matter jurisdiction to register, vacate, or enforce a state court judgment.

## IV.    CONCLUSION

Based on the foregoing, the Court *sua sponte* **REMANDS** this proceeding to the San Diego Superior Court for lack of subject matter jurisdiction, where the Superior Court may decide Defendant's timely-filed Motion to Vacate.

**IT IS SO ORDERED.**

DATE: March 26, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE